The Honorable Jay Bradford State Senator Post Office Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request, on behalf of Mr. Maxie G. Kizer, for an opinion on the following question:
 Could a part-time public defender receive a salary supplementation from the county where they practice as a public defender?
In my opinion, the answer to this question is "no."
It is my understanding that your question is a follow-up question to the issue addressed in Opinion 98-024 (copy enclosed), issued to Ms. Didi Sallings, Executive Director of the Arkansas Public Defender Commission, on February 24, 1998. In Opinion 98-024, it was concluded that an individual county could not pass an appropriation ordinance to supplement the salary of a position allocated by Acts 1341 and 855 of 1997. UnderAct 1341 of 1997, the Arkansas Public Defender Commission became responsible for the payment of the salaries of public defenders.Act 855 of 1997 appropriated funds for the Arkansas Public Defender Commission — Trial Public Defender Office for the 1997-1999 biennium. In Opinion 98-024, I opined that A.C.A. § 21-8-801 (Repl. 1996) generally prohibits a county from supplementing the salary of a public defender whose position is created and funded by the General Assembly. That provision provides that no public servant shall receive compensation, other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position. It was stated in Opinion 98-024 that "if the county supplemented the salary of a public defender, who is being paid with funds appropriated to the Public Defender Commission, then the public defender would be in receipt of compensation, other than from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her position."
You have specifically presented the question of whether a part-time public defender may receive a salary supplementation from the county. Initially, it must again be emphasized that under A.C.A. § 21-8-801, no public servant shall receive compensation, other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position. Thus, if you are asking whether the county may simply provide additional compensation to a part-time public defender "for the performance of the duties and responsibilities of his or her office or position," then in my opinion the answer to your question is "no."
It is, however, my understanding that you are also asking whether an individual may work both part-time as a public defender for the Public Defender Commission and part-time as a public defender for a particular county. Act 1341 of 1997 provides in part:
 Public defender positions may be allocated on a full-time or part-time basis. When a public defender is employed on a part-time basis, he may engage in the general practice of law. No person shall serve as a part-time public defender who also serves as a part-time municipal court judge, city court judge, or deputy prosecuting attorney in any judicial district.
Act 1341 of 1997, § 14(c)(4). Thus, a part-time public defender is only prohibited from serving as a municipal court judge, city court judge, or deputy prosecuting attorney, and he or she may engage in the general practice of law. In addition, section 12 of Act 1341 provides:
 (a) Effective January 1, 1998, the Arkansas Public Defender Commission shall be responsible for the payment of the following:
(1) the salaries of public defenders;
 (2) the salaries of secretaries and other support staff of the public defender's office;
 (3) the payment of the costs of certain expenses, as authorized by Arkansas Code Annotated § 16-87-212.
 (b) Effective January 1, 1998, each county of counties within a judicial district shall be responsible for the payment of the following:
 (1) the cost of facilities, equipment, supplies, and other office expenses of the public defender's office; and
 (2) the compensation of additional personnel within the office of the public defender, when approved in advance by the quorum court.
Although the foregoing provision provides that the salaries of public defenders are to be paid by the Public Defender Commission, it is clearly contemplated that the county may provide for "additional personnel within the office of the public defender." Thus, the hiring of a part-time public defender by the county does not appear to be flatly prohibited.[1]
With regard to whether an individual may work both part-time as a public defender for the Public Defender Commission and part-time as a public defender for a particular county, a conclusive answer to your question would require a review of all the particular facts and circumstances, including the specific employment contract or agreement between the Public Defender Commission and the public defender in question. These types of factual determinations are outside the scope of an Attorney General opinion. While I am unable to opine definitively on your question, as a general matter, I have found nothing that would prohibit a person from working part-time for the state and part-time for a county. It is, however, my understanding that part-time public defenders are "professional employees," rather than "hourly employees," of the Public Defender Commission. It is possible that the nature of the employment in question could make employment with both the state and county impractical. Further, the particular contract or agreement must be considered in order to ensure that a public servant does not receive compensation "other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 1341 of 1997 should be consulted with regard to the selection and qualifications of a public defender.